IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY WHITE, | : |
| Plaintiff, | : Civil Action |
| vs. | : No. 2:25-cv-03106 |
| COMMON PLEAS JUDGE NICHOLAS KAMOU, *et al.*, | : |
| Defendants. | : |

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion to Dismiss of Defendant Philadelphia District Attorney Larry Krasner, and any response thereto, it is hereby ordered that the Motion is **GRANTED**. It is further ordered that Plaintiff's claims against Defendant Philadelphia District Attorney Larry Krasner are **DISMISSED** with prejudice.

BY THE COURT:

_____
**MIA ROBERTS PEREZ, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY WHITE, | : |
| Plaintiff, | : Civil Action |
| | : No. 2:25-cv-03106 |
| vs. | : |
| COMMON PLEAS JUDGE NICHOLAS KAMOU, *et al.*, | : |
| Defendants. | : |

## MOTION TO DISMISS OF
## PHILADELPHIA DISTRICT ATTORNEY LARRY KRASNER

Defendant Philadelphia District Attorney Larry Krasner, by and through the undersigned counsel, respectfully moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, District Attorney Krasner submits the accompanying Memorandum of Law, which is incorporated by reference herein.

Respectfully submitted,

Date: November 3, 2025

/s/ *Shea Skinner*
Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
(215) 686-7644
Shea.skinner@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JERRY WHITE,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action |
| | : | |
| | : | No. 2:25-cv-03106 |
| vs. | : | |
| | : | |
| **COMMON PLEAS JUDGE** | : | |
| **NICHOLAS KAMOU,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS OF PHILADELPHIA DISTRICT ATTORNEY LARRY KRASNER

Plaintiff Jerry White filed the instant action against various judicial defendants, Sheriff Rochelle Bilal, and Philadelphia District Attorney Larry Krasner (hereinafter "District Attorney Krasner" or "DA Krasner"), alleging constitutional violations under the First, Fourth, Sixth, and Fourteenth Amendments, relating to the issuance and enforcement of an injunction against a non-party, Keith Davis. ECF 1, Complaint ("Compl.").

Plaintiffs Complaint makes only passing reference to DA Krasner or the District Attorney's Office ("DAO") and appears to assert only two allegations relating to DA Krasner, ostensibly in his official capacity. *See Id.*, at 4. Plaintiff explicitly "does not seek any damages from the District Attorney's Office," as a "consequence of sovereign immunity." *Id.*, at 6. Because Plaintiff's Complaint fail to make out any cognizable claim against DA Krasner or allege sufficient factual information in support thereof, and because, as Plaintiff concedes, any claims against a district attorney relating to the

conduct of criminal proceedings would be precluded by sovereign immunity, the Court should dismiss any claims against DA Krasner and the DAO.

I.     FACTUAL ALLEGATIONS

Plaintiff's Complaint focuses almost entirely on the alleged conduct of the judicial defendants and Sheriff Bilal arising from an April 29, 2025 order purportedly granting an injunction "against Keith Davis (POWER OF ATTORNEY) for Plaintiff[.]" Compl., at 2. According to the Complaint, the subject injunction barred Keith Davis from "bring[ing] documented evidence of pictures and decision of racist white federal judges into the courthouse" and from entering the courthouse. *Id.*

Among other things, the Complaint asserts that Judge Nicholas Kamou "continued [a] hearing to June 17, 2025 so that the Commonwealth can call its wi[t]nesses in which plaintiff has just been previously denied." *Id.*, at 3. Among Plaintiff's only allegations relating to DA Krasner is that the DA "condo[n]es this illegal practice by his ADA's 'Quasi Judicial Officers.'" *Id.* Plaintiff further alleges that DA Krasner "allows his ADA's to exploit indigent African Americans cases by request[ing] p[h]ony continu[a]nces to get a second look at the defense strategy and drain the defense resources." *Id.*, at 4.

Plaintiff's first cause of action alleges violations under the First, Fourth, Sixth, and Fourteenth Amendments, and the second cause of action alleges a conspiracy against all defendants "to deny access to the court." *Id.*, at 5. Although Plaintiff seeks various forms of relief from other defendants, including compensatory damages, punitive damages, declaratory and injunctive relief, Plaintiff expressly "does not seek any damages from the District Attorney's Office[.]" *Id.*, at 6.

## II. ARGUMENT

"The Court may grant a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) if, 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.'" *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (quoting *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003)).

"A plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." In other words, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (citations and quotations omitted).

Because Plaintiff's Complaint is bereft of sufficient factual allegations to support any plausible claim against DA Krasner, and because, in any event, any such claims would be precluded by sovereign immunity, the Complaint fails to set forth any cognizable basis on which relief can be granted against DA Krasner or the DAO.

3

### 1. Plaintiff's Complaint Fails to Allege Specific Factual Allegations to Support a Claim for Any Cause of Action Against DA Krasner.

Plaintiff's Complaint is comprised of threadbare assertions and legal propositions which primarily pertain to the alleged conduct of defendants other than District Attorney Krasner. Plaintiff's constitutional and conspiracy claims are grounded almost exclusively on the alleged conduct of other defendants arising from the issuance and enforcement of an order entering an injunction against a non-party to this action.

Construed generously, the Complaint's minimal allegations relating to DA Krasner appear to assert that the DA "condones" the complained of conduct of other defendants "by his ADA's 'Quasi Judicial Officers'." Compl, at 2. Plaintiff's only other assertion relating to DA Krasner are that the DA "allows his ADA's to exploit indigent African Americans cases by request[ing] p[h]ony continu[a]nces to get a second look at the defense strategy and drain the defense resources." *Id.*, at 4.

No other information is alleged as to any specific acts or omissions of DA Krasner or the DAO. Plaintiff's sensational and conclusory allegations relating to DA Krasner appear to be predicated on, at most, "allow[ing]" assistant district attorneys of the DAO to request continuances in court proceedings. *Id.*, at 4. Nowhere in the Complaint does Plaintiff even specify the nature of the underlying criminal proceedings or of any direct involvement by employees of the DAO in the complained of conduct, other than the vague assertion that the Commonwealth requests "ph[o]ny" continuances. *Id.* Accepting all of Plaintiff's averments as true, the Complaint simply fails to make out any actionable claim against DA Krasner.

To the extent Plaintiff attempts to raise claims against DA Krasner in his individual capacity, such claims should be dismissed, as the Complaint fails to set forth

sufficient factual allegations identifying any actual conduct or omissions attributable to the DA which specifically relate to the alleged conduct complained of. *See, e.g.*, *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a [§ 1983] action must have personal involvement in the alleged wrongs."). Plaintiff does not allege any direct involvement by DA Krasner in the specific proceedings referenced by the Complaint. Moreover, even if Plaintiff had sufficiently alleged specific conduct on the part of DA Krasner, the Complaint fails to establish any causal nexus linking any such conduct as a proximate cause of any alleged harm to Plaintiff.

Likewise, to the extent Plaintiff attempts to raise claims against DA Krasner in his official capacity, or in other words, against the DAO, such claims are misplaced, as a local district attorney's office is not a distinct entity which is amenable to suit as a "person" for purposes of § 1983 liability. *See Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997); *Garcia v. City of Philadelphia*, 24-cv-6316, 2025 WL 2901074, at *6 (E.D. Pa., Oct. 9, 2025) (collecting cases).

**2. Any Claims Against DA Krasner or the DAO Predicated on Alleged Prosecutorial Conduct are Precluded by Sovereign Immunity.**

Even assuming, *arguendo*, that the Complaint set forth sufficient specific factual allegations to support a cause of action against DA Krasner or the DAO, any such claims would be precluded by sovereign immunity afforded to the Commonwealth by the Eleventh Amendment to the U.S. Constitution. It is well-settled that prosecutors are entitled to absolute immunity for conduct which is connected with the conduct of trial. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (absolute immunity "applies with full force" to prosecutorial conduct which is "intimately associated with the judicial phase of the criminal process[.]").

5

While absolute immunity does not attach to purely administrative functions that are strictly unrelated to prosecution, it is well-settled that this immunity extends to administrative functions that involve making direct prosecutorial decisions relating to the conduct of criminal proceedings, and to training and supervising subordinates to do the same. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Pownall v. Krasner*, 675 F. Supp. 3d 517, 530 (E.D. Pa. 2023), *aff'd*, 2024 WL 4164621 (3d Cir. Sep. 12, 2024) ("[T]raining and supervision[] of ADAs to perform as lawyers is rightly considered prosecutorial, rather than administrative.") (citing *Van de Kamp*, 555 U.S. at 344-45).

Although the facts surrounding any purported involvement of DA Krasner or the DAO are underdeveloped, no further inquiry is required to determine that DA Krasner and the DAO are entitled to absolute immunity based on the few pertinent allegations set forth in the Complaint. A prosecutor's decision to request a continuance of criminal proceedings, or an elected district attorney's supervision or training of subordinates to do the same, are core prosecutorial functions which are directly related to the conduct of trial and of the judicial phase of criminal proceedings.

This extends to quintessential prosecutorial conduct such as presenting motions or requesting continuances of proceedings:

> [P]rosecutorial immunity 'encompasses the presentation to a court of a motion for continuance.' *Harrison v. Abraham*, No. CIV.A. 96-4262, 1997 WL 256970, at *19 (E.D. Pa. May 16, 1997) (citing *Slaughter v. City of Philadelphia*, No. 94-2329, 1995 WL 12060, at *4 (E.D. Pa. Jan. 12, 1995)). That is, seeking a continuance is "intimately associated with the judicial phase of the criminal process," and thus entitled to the protections of absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430. *See also Fiedler v. Osborne*, Civil Action No. 09-1138, 2009 WL 4730723, at *4 (W.D. Pa. Dec. 10, 2009) (seeking continuances are actions intimately associated with the judicial process).

*St. Clair v. Bower*, 2022 WL 22695031, at *3; *see also Isbell v. Warren*, No. 13-cv-2785, 2014 WL 3868007, at *9 (requesting or approving continuances of court proceedings is a function that is "integral to the judicial process and thus protected" by absolute immunity).

Liberally construing the Complaint, Plaintiff's only allegation against DA Krasner and the DAO relates generally to requesting continuances of court proceedings. As Plaintiff readily acknowledges, no relief can be granted on this claim as a "consequence of sovereign immunity." Compl, at 6. Thus, no relief may be granted on Plaintiff's only allegations against DA Krasner or the DAO, and all claims against DA Krasner or the DAO should be dismissed with prejudice.

### III. CONCLUSION

For the above-stated reasons, Plaintiff's Complaint fails to state any claim against DA Krasner or the DAO upon which relief may be granted, and the Court should dismiss plaintiff's Complaint against DA Krasner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ **Shea Skinner**
Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
(215) 686-7644
Shea.skinner@phila.gov

Date: November 3, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY WHITE, | : |
| Plaintiff, | : Civil Action |
| vs. | : No. 2:25-cv-03106 |
| COMMON PLEAS JUDGE NICHOLAS KAMOU, *et al.*, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2025, I caused to be served upon all counsel of record a true and correct copy of the foregoing document via this Court's electronic filing system, and served upon Plaintiff by first class mail, at:

>Jerry White
>2414 N. 28th Street
>Philadelphia, Pa 19132

Respectfully submitted,

/s/ *Shea Skinner*

Shea Skinner
Assistant District Attorney
Attorney I.D. No. 326121
Three South Penn Square, 13th Floor
Philadelphia, PA 19107
(215) 686-7644
Shea.skinner@phila.gov