## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY WHITE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 25-3106** |
| **COMMON PLEAS JUDGE NICHOLAS** | : | |
| **KAMOU**, *et al.* | : | |
| | : | |

### MEMORANDUM

**Perez, J.**                                                                                                    **November 10, 2025**

Pro se Plaintiff Jerry White filed this civil rights action under 42 U.S.C. § 1983 against state and federal judges, the Philadelphia Sheriff, and the Philadelphia District Attorney. Plaintiff's claims arise from orders entered in his ongoing state criminal case, including an April 2025 order allegedly prohibiting a non-lawyer, Keith Davis, from entering the courthouse or "representing" Plaintiff in his proceedings. Plaintiff has also moved for a temporary restraining order ("TRO") seeking to enjoin enforcement of that order. The judicial defendants and Sheriff Rochelle Bilal have moved to dismiss. For the reasons that follow, the Court will deny the TRO, grant the pending motions to dismiss, and sua sponte dismiss the remaining defendants who have not yet responded.

I.   **THE COMPLAINT**

Plaintiff's "Civil Rights Complaint," filed June 16, 2025, names the following Defendants:(1) Court of Common Pleas Judges Daniel Anders and Nicholas Kamou; (2) Philadelphia Sheriff Rochelle Bilal; (3) Philadelphia District Attorney Larry Krasner; and (4) Federal Judges Mitchell Goldberg, Jeffrey Schmehl, and Gerald Pappert, whom Plaintiff incorrectly identifies as "Third Circuit Judges."

Plaintiff alleges that on April 29, 2025, Judge Anders issued an "illegal order" authorizing the Philadelphia Sheriff's Department to prevent Plaintiff's purported "Power of Attorney," Keith

1

Davis, from entering the courthouse and presenting evidence in Plaintiff's pending criminal trial. Plaintiff claims this order violated the "separation of powers" and the Pennsylvania Constitution.

He further alleges that Judge Kamou refused to overturn the order, lied about his jurisdiction, and denied Plaintiff's motion for a speedy trial. Plaintiff asserts that Sheriff Bilal enforced the order and that District Attorney Krasner condoned the misconduct of "quasi-judicial officers" in his office.

Plaintiff also claims that Federal District Court Judges Goldberg, Schmehl, and Pappert conspired with the state judges and Sheriff Bilal to conceal "evidence of racist white federal judges" and to dismiss his earlier civil rights suits in bad faith. He asserts that this forms part of a "covert scheme" by state and federal officials to obstruct African Americans' access to the courts and suppress evidence of judicial racism.

Plaintiff asserts two causes of action. The first alleges violations of his First, Fourth, Sixth, and Fourteenth Amendment rights, including denial of access to the courts, due process, and equal protection. The second asserts a broad conspiracy among all defendants to conceal racism and obstruct justice. He seeks declaratory and injunctive relief—including an order forbidding any "Third Circuit judge" from presiding over this case and enjoining enforcement of the courthouse restriction—and more than $45 million in damages. He expressly declines to seek damages from the District Attorney's Office, citing sovereign immunity.

II.     LEGAL STANDARDS

To obtain a temporary restraining order, a movant must show: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of relief; (3) that the balance of equities favors relief; and (4) that an injunction serves the public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

The Federal Rules of Civil Procedure do not make a hearing a condition precedent to deciding a motion for preliminary injunction. See Fed. R. Civ. P. 65(a). A "district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990).

Motions under Rule12(b)(1)(2) present either a facial or factual challenge to subject matter jurisdiction. *Gould Electronics, Inc. v. U.S.*, 220 F. 3d 169, 176 (3d Cir. 2000). With facial challenges, the Court must consider only the allegations of the complaint and any referenced documents with a view in the light most favorable to the plaintiff. I*d.*

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice. *Id.* at 678. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record,

and undisputedly authentic documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a pro se complaint, a court must bear in mind that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of pro se complaints does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("[A] pro se complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter[,] accepted as true[,] to state a claim to relief that is plausible on [its] face.'").

### III.   DISCUSSION

#### A. Lack of Jurisdiction Pursuant to the *Rooker–Feldman* Doctrine

Plaintiff effectively seeks to overturn a state court order barring Keith Davis from the state courthouse. Such relief is jurisdictionally barred by the *Rooker–Feldman* doctrine, which precludes lower federal courts from reviewing state-court judgments or orders. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker–Feldman* doctrine is derived from the two Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483–84 (1983). The doctrine is rooted in the statutory propositions that federal district courts are courts of original, not appellate, jurisdiction and that the United States Supreme Court is the only federal court that has jurisdiction to review final judgments from a state's highest court. *See* 28 U.S.C. § 1257(a); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544

U.S. 280, 284–85 (2005). Simply put, the *Rooker–Feldman* doctrine divests a lower federal court of subject matter jurisdiction over an action if the relief requested would effectively reverse a state court decision or void its ruling. *See, e.g., Turner v. Crawford Square Apts. III, L.P.,* 449 F.3d 542, 547 (3d Cir.2006); *In re Knapper,* 407 F.3d 573, 580 (3d Cir.2005).

Allowing this matter to proceed would require this Court to invalidate or enjoin the state court's order concerning Davis's participation in Plaintiff's criminal proceedings—precisely the type of appellate review that *Rooker–Feldman* forbids. Plaintiff's recourse lies in the state appellate process, not in a federal collateral attack. *Rooker–Feldman* precludes this Court from exercising its jurisdiction to grant the relief sought.

### B. Younger Abstention

Even if jurisdiction existed, the Court would abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must refrain from interfering with ongoing state criminal prosecutions implicating important state interests when the plaintiff can raise constitutional issues in that forum. Plaintiff's criminal proceedings are ongoing, they concern the administration of state court proceedings and courthouse security, and Plaintiff may assert his constitutional objections in state court. Abstention is therefore required.

### C. Judicial and Sovereign Immunity

The official-capacity claims against Judges Anders and Kamou are barred by the Eleventh Amendment, which protects states and their agencies from suit and liability absent consent or a valid congressional abrogation. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239 (3d Cir. 2005); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194–96 (3d Cir. 2008). Pennsylvania's Unified Judicial System, including its Courts of Common Pleas, is an arm of the Commonwealth and

5

therefore entitled to this immunity. *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). Although sometimes referred to as "Eleventh Amendment immunity," this protection reflects the broader principle of state sovereign immunity inherent in the constitutional structure. *Alden v. Maine*, 527 U.S. 706, 713 (1999).

Under this doctrine, suits against state officials in their official capacities are barred unless the plaintiff seeks prospective relief to halt an ongoing violation of federal law. *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 730 F.3d 291, 318 (3d Cir. 2013). Because Plaintiff seeks damages and retrospective equitable relief based on past acts, his claims against the judicial defendants are barred in full. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996)("[R]elief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something else, is barred by the Eleventh Amendment.").

The individual-capacity claims against Judges Kamou and Anders are barred by absolute judicial immunity. Judges are absolutely immune from suits for damages arising from acts performed in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is overcome only when a judge acts either (1) in a nonjudicial capacity or (2) in the complete absence of jurisdiction. *Id.* A judicial act is one "normally performed by a judge," and immunity is not lost merely because the action was erroneous or procedurally flawed. *Stump v. Sparkman*, 435 U.S. 349, 356–59 (1978). Because the challenged conduct here—issuing and enforcing courtroom orders—falls squarely within the judges' judicial functions and jurisdiction, absolute immunity applies.

Similarly, Sheriff Bilal is entitled to quasi-judicial immunity because the only alleged conduct is enforcement of a court order. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772–73 (3d

Cir. 2000); S*ee Forrester v. White*, 484 U.S. 219, 225 (1988) (indicating that the protections of judicial immunity extend to officials "who perform quasi-judicial functions").

### D. No Right to Lay Representation

Plaintiff's claim that Keith Davis should be allowed to "represent" him in his criminal case fails as a matter of law. A non-lawyer has no authority to appear or speak for another party in court. See 28 U.S.C. § 1654; *Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991). Plaintiff thus lacks any cognizable legal interest in having Davis act as his representative.

Under 28 U.S.C. § 1654, "the parties may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so. *See Osei-Afriyie*, 937 F.2d at 882 (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990)) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause."). "Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray ex rel. Estate of Purnell v. City of Phila.,* 901 F.3d 169, 170 (3d Cir. 2018).

### E. Failure to State a Claim

The complaint's allegations of "conspiracy" and "racist machinations" are wholly conclusory and implausible. Plaintiff repeatedly asserts that the defendants—state and federal judges, the Sheriff, and the District Attorney—are "racist" and part of a "covert scheme" to suppress evidence of racism, yet he identifies no specific conduct, statements, or rulings suggesting discriminatory motive or treatment. His assertions rest entirely on disagreement with judicial decisions and courtroom management orders, without explaining how any ruling was grounded in

race or violated an identifiable constitutional right. Merely labeling adverse judicial outcomes as "racist" does not transform them into civil rights violations.

The complaint further fails to allege any factual basis showing a "meeting of the minds" among the defendants, as required to plead a § 1983 conspiracy. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("A bare assertion of conspiracy will not suffice."). The only asserted connection among the defendants is Plaintiff's claim that they all "assisted" or "condoned" the same unspecified acts, which is insufficient under *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In short, Plaintiff's narrative offers generalized accusations of bias and bad faith without any factual allegations linking the defendants' actions to racial animus or unconstitutional purpose. The claims are not only conclusory but also untethered to any plausible legal theory. Because the Complaint's deficiencies based on *Rooker-Feldman*, *Younger*, and sovereign and judicial immunity are jurisdictional and not curable by amendment, dismissal with prejudice is warranted.

## V. SUA SPONTE DISMISSAL OF REMAINING DEFENDANTS

Although only the judicial defendants and Sheriff Bilal have moved to dismiss, the same defects require dismissal of the remaining defendants—District Attorney Krasner and Judges Goldberg, Schmehl, and Pappert.

The claims against District Attorney Krasner are barred by the Eleventh Amendment insofar as he is sued in his official capacity and by absolute prosecutorial immunity insofar as he is sued individually for acts within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). The complaint also fails to allege his personal involvement in any constitutional violation.

The claims against Judges Goldberg, Schmehl, and Pappert fail because federal judges have absolute judicial immunity for acts taken in their judicial capacity, and this Court lacks jurisdiction to review or "enjoin" their prior decisions. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The complaint's allegations of a multi-court conspiracy are wholly conclusory and implausible. See *Iqbal*, 556 U.S. at 678.

Accordingly, the Court dismisses all remaining defendants sua sponte under 28 U.S.C. § 1915(e)(2)(B).

**VI. PLAINTIFF'S TRO MOTION**

To obtain a preliminary injunction, the moving party must show: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." District courts are further directed to "balance those four factors so long as the party seeking the injunction meets the threshold on the first two. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974).

Because the Court lacks jurisdiction and the complaint fails to state any cognizable claim, Plaintiff cannot establish a likelihood of success on the merits. He also fails to show irreparable harm, as any injury stemming from the denial of lay representation is not a cognizable legal injury. The only harm Plaintiff alleges is that Keith Davis, a non-lawyer, has been barred from "representing" him in his criminal case. But federal law recognizes no right to representation by a

layperson. The same principle governs state proceedings, which uniformly prohibit non-attorneys from acting as advocates for others. Because Plaintiff has no legal entitlement to have Davis appear or speak on his behalf, any alleged deprivation of that opportunity cannot constitute irreparable harm for purposes of Rule 65. *See Winter v. NRDC*, 555 U.S. 7, 22 (2008) (injunctive relief requires showing of an actual, legally cognizable injury).

At most, Plaintiff alleges frustration and disagreement with the state court's administration of his criminal case, but subjective dissatisfaction does not amount to a constitutional deprivation or irreparable injury warranting extraordinary equitable relief. Moreover, the relief sought would impermissibly intrude into an ongoing state criminal case and countermand state-court orders governing courthouse access. The motion for a TRO is therefore denied without a hearing under Federal Rule of Civil Procedure 65(b).

## VII. CONCLUSION

For the reasons stated above, the Court will grant the motions to dismiss filed by Judges Anders and Kamou and by Sheriff Bilal, deny Plaintiff's motion for a temporary restraining order, and dismiss sua sponte the claims asserted against District Attorney Larry Krasner and federal Judges Goldberg, Schmehl, and Pappert. Accordingly, the complaint will be dismissed with prejudice as to all Defendants, and this action will be closed. An appropriate Order follows.